# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 11, 2022

Lyle W. Cayce
Clerk

No. 21-50547
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ARMANDO EFRAIN-SAMAYOA SALAZAR,

*Defendant—Appellant*,

CONSOLIDATED WITH

No. 21-50550

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ARMANDO EFRAIN SAMAYOA-SALAZAR,

*Defendant—Appellant*.

No. 21-50547
c/w No. 21-50550

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-271-1
USDC No. 4:21-CR-42-1

Before WIENER, DENNIS, and HAYNES, *Circuit Judges.*

PER CURIAM:[*]

In a consolidated appeal, Armando Efrain Samayoa-Salazar[1] challenges the sentence imposed following his guilty plea conviction for illegal reentry and a separate judgment revoking the supervised release term imposed in an earlier case. Because his appellate brief does not address the validity of the revocation or the revocation sentence, Samayoa-Salazar has abandoned any challenge to the revocation judgment. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Samayoa-Salazar argues for the first time on appeal that the enhancement of his illegal reentry sentence pursuant to 8 U.S.C. § 1326(b)(2) was unconstitutional because the fact of his prior conviction was not charged in his indictment or proved to a jury beyond a reasonable doubt. He concedes that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he wishes to preserve the issue for further review. The Government has filed an unopposed motion for summary affirmance or, in the alternative, a motion for an extension of time to file a brief.

We conclude that Samayoa-Salazar's concession of foreclosure is correct, and summary affirmance is appropriate. *See United States v. Pervis*,

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

[1] The text of both of the district court judgments uses this version of the Defendant-Appellant's name.

No. 21-50547
c/w No. 21-50550

937 F.3d 546, 553-54 (5th Cir. 2019); *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

The Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED AS MOOT, and the judgments of the district court are AFFIRMED.